UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE PERKINS,

    Plaintiff,

    v.      CAUSE NO. 3:22-CV-1053-DRL-MGG

ENGLISH, ANGEL, MYERS, BYRUM,
CLARK, ISSACH, STOHL, and
McKENNY,

    Defendants.

OPINION AND ORDER

Lance Perkins, a prisoner without a lawyer, filed a complaint and a motion for preliminary injunction. ECF 1, 7. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Perkins alleges that since October 4, 2022, he has been held in administrative segregation in Miami Correctional Facility's AHU, pending a transfer to a different facility. ECF 1 at 2. He later filed a notice of change of address dated February 22, 2023, indicating that he has since moved to Indiana State Prison. ECF 9. Thus, he spent about

four and a half months in the AHU. He alleges that several aspects of his confinement there violated the prohibition on cruel and unusual punishment. ECF 1 at 2.

The Eighth Amendment prohibits conditions of confinement that deny inmates "the minimal civilized measure of life's necessities." *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (citations omitted). In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" that the action or inaction of a prison official leads to "the denial of the minimal civilized measure of life's necessities." *Id.* (citations omitted). Conditions of confinement must be severe to support an Eighth Amendment claim. The Eighth Amendment only protects prisoners from conditions that "exceed contemporary bounds of decency of a mature, civilized society." *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). "[T]he Constitution does not mandate comfortable prisons," *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment's prohibition against cruel and unusual punishment." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650 (7th Cir. 2012). On the subjective prong, the prisoner must allege that the defendant acted with deliberate indifference to his health or safety. *Farmer*, 511 U.S. at 834; *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

First, Mr. Perkins says that he was held in his cell for 24 hours a day, only able to leave his cell for a 15-minute shower every three days. *Id.* He complains that he was not offered recreation at all, preventing him from exercising. *Id.* "Lack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied

2

to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir.1996); *cf. James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) ("Our decisions are clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment."); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem."). Mr. Perkins plausibly alleges that being denied recreation or other opportunities to exercise while being confined to his cell for 24 hours a day for four and a half months satisfies the objective prong of an Eighth Amendment violation.

However, this claim cannot proceed because Mr. Perkins does not identify a defendant who can be held liable. He lists eight defendants, but he does not mention them in the body of the complaint or connect any of them specifically to the denial of recreation or other exercise. A defendant must have personal involvement in the alleged constitutional violation in order to be held liable. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). It is not enough that they simply worked at the prison. For a defendant to be held liable on an Eighth Amendment claim, that defendant must have been deliberately indifferent to the alleged violation, which requires "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). The complaint does not allege any defendant was subjectively aware of Mr. Perkin's situation.

Next, Mr. Perkins alleges he has absolutely no access to the phone or the tablet in the dayroom, so he cannot write messages to friends or family or order hygiene for himself. ECF 1 at 2-3. He alleges that his mother is recovering from brain surgery, so not being able to contact her is hard on him. *Id.* at 3. Prisoners have a First Amendment right to communicate with individuals outside the prison, but it is not an unqualified right. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). "A prison policy decision that impinges on an inmate's constitutional rights does not violate the Constitution if the decision is reasonably related to legitimate penological interests." *Nigl v. Litscher*, 940 F.3d 329, 333 (7th Cir. 2019); *see also Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (listing four factors to consider when determining whether a prison policy is reasonably related to legitimate penological interests). Mr. Perkins has alleged a plausible First Amendment violation based on his inability to communicate with friends and family, but again he does not identify a proper defendant.

In addition, Mr. Perkins alleges that he is not in AHU for a disciplinary reason, yet he is still denied his "allowables," including legal mail, pictures, religious items, hygiene, or an outlet for a television. ECF 1 at 3. But he does not explain what specifically he was denied and what steps be took to obtain the allowable property. Even if his "allowables" were withheld in violation of prison policy, a violation of a prison policy alone does not state a constitutional claim. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) ("However, 42 U.S.C. §1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices.").

4

Thus, the complaint does not contain enough information to allege Mr. Perkins was denied any property in violation of the constitution.

Mr. Perkins further complains that he has not had a meaningful review of his placement in segregation. ECF 1 at 3. Instead of a meaningful review, he says the counselors walk from cell to cell asking the inmates to sign a paper that does not explain anything. *Id.* A right to a meaningful review applies only if he has a Fourteenth Amendment liberty interest in remaining in the general population. *See Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017). In general, inmates have no liberty interest in avoiding short-term transfer to segregation for administrative, protective, or investigative purposes, even when they are subjected to harsher conditions as a result. *See, e.g., Townsend v. Fuchs*, 522 F.3d 765, 766 (7th Cir. 2008) (no liberty interest for 60 days in segregation); *Lekas v. Briley*, 405 F.3d 602, 608-09 (7th Cir. 2005) (no liberty interest for 90 days in segregation); *Smith v. Akpore*, 689 F. Appx. 458, 459-60 (7th Cir. 2017) (no liberty interest in four months' combined investigative and disciplinary segregation). If liberty attaches, "'a meaningful review . . . is one that evaluates the prisoner's current circumstances and future prospects, and, considering the reason(s) for his confinement to the program, determines whether that placement remains warranted.'" *Isby*, 856 F.3d at 527 (quoting *Toevs v. Reid,* 685 F.3d 903, 913-14 (10th Cir. 2012) (alteration in original)).

Here, the court does not decide whether Mr. Perkins' four and a half months in segregation could implicate a liberty interest because the complaint does not plausibly allege the review process in place was deficient at the point liberty might attach. When Mr. Perkins filed this lawsuit, he had been in the AHU for under three months. That is

5

not enough time for a liberty interest to be implicated. Thus, the allegations concerning the review process in the complaint are not indicative of any review process that may have occurred later in Mr. Perkins' confinement in the AHU.

Mr. Perkins also raises sanitation concerns. He says that he has not been given the chance to clean his cell, causing trash and food containers to pile up in his cell for days and sometimes weeks in a row. ECF 1 at 3. Further, he complains that laundry is supposed to be done twice a week, but he has gone up to two weeks without laundry being done. *Id.*

Neither of these issues implicates constitutional concerns. "Having to wear the same clothes for two or three weeks is not a deprivation of constitutional magnitude." *Gordon v. Sheahan*, No. 96 C 1784, 1997 WL 136699, 8 (N.D. Ill. Mar. 24, 1997). Although Mr. Perkins may have worn the same clothes for two weeks, the complaint establishes that he was permitted to shower regularly. Moreover, it is unclear how Mr. Perkins was harmed by the lack of clean laundry or the buildup of food containers. *See Myers v. Ind. Dep't of Corr.*, 655 F. Appx. 500, 503-04 (7th Cir. 2016) (discussing when inadequate laundry procedures might violate the Eighth Amendment). The risk of harm from either is too speculative, without more, to establish "an unreasonable risk of serious damage to the prisoner's future health." *See Henderson v. Sheahan*, 196 F.3d 839, 846-47 (7th Cir. 1999). Therefore, Mr. Perkins may not proceed on his claims related to laundry or the trash in his cell.

Finally, Mr. Perkins filed a motion for a preliminary injunction, asking the court to order that he be given recreation, phone calls, showers, and the ability to clean his cell.

ECF 7. However, shortly after he filed the motion, he was transferred to a different facility. That transfer makes his preliminary injunction motion moot because he is no longer subject to those conditions. When "a prisoner is transferred to another prison, his request for injunctive relief against officials of the first prison is moot unless he can demonstrate that he is likely to be retransferred." *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996). Therefore, the court will deny the motion.

This complaint does not state a claim for which relief can be granted because it does not identify a proper defendant. If he believes he can state a claim based on (and consistent with) the events described in this complaint, Mr. Perkins may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) DENIES the motion for preliminary injunction (ECF 7);

(2) GRANTS Lance Perkins until **April 14, 2023**, to file an amended complaint; and

(3) CAUTIONS Lance Perkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

March 20, 2023                                                  *s/ Damon R. Leichty*
                                                                Judge, United States District Court