UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE PERKINS,

        Plaintiff,

        v.                   CAUSE NO. 3:22-CV-1053-DRL-MGG

ENGLISH *et al.*,

        Defendants.

## OPINION AND ORDER

Lance Perkins, a prisoner without a lawyer, filed a complaint about conditions he faced during his four-and-a-half-month placement in the Administrative Housing Unit at Miami Correctional Facility. ECF 1. The court determined the complaint could not proceed because Mr. Perkins did not plausibly allege any defendant had the personal involvement necessary to hold them liable under 42 U.S.C. §1983 for any constitutional violations. ECF 10. Specifically, the original complaint named eight defendants, but the body of the complaint did not explain how any was connected to the alleged violations. *Id.*

He has not filed an amended complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the

action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

The amended complaint does not correct the issues in the first complaint. Mr. Perkins now sues eleven defendants. ECF 15. But he does not explain how each of them were involved in the alleged violations. Instead, he lumps them all together and states that each of them were responsible for the lack of recreation and denial of communication with his family and friends during the four and a half months he was housed in Miami Correctional Facility's Administrative Segregation Unit. For example, the complaint alleges:

> While I was housed in AHU, my First Amendment rights were violated by (Sgt. Clark, Lt. Myers, C/O Hemmen, Sgt. Bowmen, C/O Konoff, Sgt. Neverrete, C/O Duncan, Sgt. McKenny, C/O Issac, Warden English, Unit Team Manager Angle) because of the actions or inactions to allow me recreation to communicate with family or friends via phone of kiosk messages, which are only accessible during recreation.

ECF 15 at 2. Given the range of defendants included, from the Warden to supervisory officers to custody staff, he cannot lump them all together without explaining how each of them was personally involved in the alleged denial of his constitutional rights.

A defendant must have personal involvement in the alleged constitutional violation in order to be held liable. *See Burks v. Raemisch*, 555 F.3d 592, 594-96 (7th Cir. 2009). "A plaintiff needs to provide enough detail to give the defendant fair notice of what the claim is and the grounds upon which it rests, and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief." *Brant v. Schneider Nat'l, Inc.*, 43 F.4th 656, 664 (7th Cir. 2022) (quotations omitted). For a defendant to be held liable on an Eighth Amendment claim, that defendant must have been

deliberately indifferent to the alleged violation, which requires "the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

Here, the complaint does not allege a plausible basis for holding each of the eleven defendants liable. Mr. Perkins states only that he told each of them what was happening. ECF 15 at 3. But he does not explain what he told each defendant and what their response was. If he wants to sue eleven defendants, he needs both to lay out the alleged constitutional violation and then to explain how each defendant knew of the alleged violation and what they could have done to remedy it.

This complaint does not state a claim for which relief can be granted. However, Mr. Perkins will be given another chance to file a complaint that states a claim because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Lance Perkins until **August 10, 2023**, to file an amended complaint; and

(2) CAUTIONS Lance Perkins if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

July 7, 2023                                          s/ Damon R. Leichty
                                                     Judge, United States District Court