UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE PERKINS,

    Plaintiff,

    v.       CAUSE NO. 3:22-CV-1053-DRL-MGG

ANGLE and MYERS,

    Defendants.

OPINION AND ORDER

Lance Perkins, a prisoner without a lawyer, filed an amended complaint after the court determined that his earlier complaints did not identify a defendant who could be held responsible for the allegations in the complaint. ECF 22. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Perkins spent about four and a half months beginning in October 2022 in Miami Correctional Facility's Administrative Housing Unit, pending his transfer to a different facility. In that time, he alleges that he was denied recreation and access to a telephone. The court determined that he had plausibly alleged a potential Eighth Amendment violation based on the denial of exercise and a potential First Amendment

violation due to being denied the ability to communicate with individuals outside the prison. ECF 10 at 2-4. But the claims couldn't proceed because he didn't identify a defendant who had the personal involvement necessary to be held individually liable. *Id.* at 3-4.

This amended complaint names eleven defendants, but only two have a plausible connection to the alleged violations to allow claims against them to proceed. As for the Eighth Amendment claim, "[l]ack of exercise may rise to a constitutional violation in extreme and prolonged situations where movement is denied to the point that the inmate's health is threatened." *Antonelli v. Sheahan*, 81 F.3d 1422, 1432 (7th Cir.1996); *cf. James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) ("Our decisions are clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment."); *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) ("An adverse condition of confinement, if endured over a significant time, can become an Eighth Amendment violation even if it would not be impermissible if it were only a short-term problem."). Mr. Perkins alleges that he informed Lieutenant Myers and Unit Team Manager Angle[1] about being locked down 24 hours a day with no recreation time, through face-to-face conversations, as well as requests and grievances. ECF 22 at 2. He attached examples of the letters and requests he sent them, and those attachments support an inference that those two defendants both had knowledge of and the authority to change his circumstances. ECF 1-1 at 15-17. He will be permitted to proceed against them.

---

[1] In the caption, Mr. Perkins identifies this defendant as "UTM Angel," but elsewhere in the complaint it is apparent that the correct spelling is "Angle," so the court uses that spelling.

The other defendants, however, do not have the requisite involvement to be held liable. Mr. Perkins says he informed Warden English through letters and grievances, but got no response. ECF 22 at 2. There is no allegation that Warden English was personally involved in setting the recreation policy in the AHU. Instead, Mr. Perkins seems to seek to hold him liable based on his position at the prison. To allow a claim to go forward against a supervisory official based only on letters and a failure to intervene, the plaintiff "has the burden of demonstrating that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety.'" *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mr. Perkins has not met that burden here.

Mr. Perkins lumps together the remaining defendants—C/O Hemmen, C/O Issac, Konoff, Sgt. Neverrete, C/O Duncan, Sgt. McKinny, and Sgt. Bowen—and alleges that they all worked on AHU and he asked them on many occasions for out of cell time. There is no indication, though, that any of them had the authority to grant him out of cell time. Therefore, none of them can be held liable here.

The same analysis applies to the First Amendment claim. Prisoners have a First Amendment right to communicate with individuals outside the prison, but it is not an unqualified right. *See Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). "A prison policy decision that impinges on an inmate's constitutional rights does not violate the Constitution if the decision is reasonably related to legitimate penological interests." *Nigl v. Litscher*, 940 F.3d 329, 333 (7th Cir. 2019); *see also Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (listing four factors to consider when determining whether a prison policy is reasonably

related to legitimate penological interests). The amended complaint and attached exhibits allow a reasonable inference that Lieutenant Myers and Unit Team Manager Angle were aware of and had the authority to remedy the alleged constitutional violation. Mr. Perkins may proceed against them, but none of the other defendants.

For these reasons, the court:

(1) DIRECTS the clerk to attach the exhibits (ECF 1-1 and ECF 16-1) to the amended complaint (ECF 22);

(2) GRANTS Lance Perkins leave to proceed against Lieutenant Myers and Unit Team Manager Angle in their individual capacities for compensatory and punitive damages for denying him the ability to exercise while housed in Miami Correctional Facility's Administrative Housing Unit from approximately October 2022 through February 2023 in violation of the Eighth Amendment;

(3) GRANTS Lance Perkins leave to proceed against Lieutenant Myers and Unit Team Manager Angle in their individual capacities for compensatory and punitive damages for denying him the ability to communicate with people outside the prison while housed in Miami Correctional Facility's Administrative Housing Unit from approximately October 2022 through February 2023 in violation of the First Amendment;

(4) DISMISSES all other claims;

(5) DISMISSES English, Byrum, Clark, McKenny, Hemmen, Bowman, Konoff, Neverrete, and Duncan;

(6) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate

and serve process on) Lieutenant Myers and Unit Team Manager Angle at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 22);

(7) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Myers and Unit Team Manager Angle to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

January 10, 2024                               *s/ Damon R. Leichty*
                                                                Judge, United States District Court