UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

LANCE PERKINS,

    Plaintiff,

v.

ANGLE and MYERS,

    Defendants.

CAUSE NO. 3:22-cv-1053 DRL-SJF

OPINION AND ORDER

Lance Perkins, a prisoner without a lawyer, is proceeding in this case on two claims against Lieutenant Myers and Unit Team Manager Angle related to his confinement in Miami Correctional Facility's (MCF) Administrative Housing Unit (AHU) between October 2022 and February 2023. ECF 26 at 4. Specifically, he is proceeding against the defendants (1) for violating his Eighth Amendment rights by denying him the ability to exercise while housed in the AHU, and (2) for violating his First Amendment rights by denying him the ability to communicate with people outside the prison while housed in the AHU. On April 15, 2024, the defendants filed a motion for summary judgment, arguing Mr. Perkins didn't exhaust his administrative remedies before filing this lawsuit. ECF 41. With the motion, the defendants provided Mr. Perkins the notice required by N.D. Ind. L.R. 56-1(f). ECF 44. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a response to statement of material facts, which includes a citation to evidence supporting each dispute of fact. On September 9, 2024, the court extended Mr. Perkins' deadline to respond until October 3, 2024, and cautioned him that if he didn't respond by the deadline the court would rule on the summary judgment motion without a response from him. ECF 47. This deadline passed over two months ago, but Mr. Perkins still hasn't responded. Therefore, the court will now rule on the defendants' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

The defendants provide an affidavit from MCF's Grievance Specialist and Mr. Perkins' grievance records, which show the following facts:[1] During all relevant times, an Offender Grievance Process was in place at MCF. ECF 43-1 at 2. The Offender Grievance Process requires offenders to complete three steps before filing a lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.*; ECF 43-2 at 3. Mr. Perkins' grievance records show he never fully exhausted any grievance at MCF related to his claims in this lawsuit. ECF 43-1 at 8. Specifically, Mr. Perkins filed three relevant grievances which the Grievance Specialist accepted and denied on the merits, but Mr. Perkins never appealed any of the Grievance Specialist's responses. *Id.* at 6-7; ECF 43-4; ECF 43-5 at 9, 13, 18. Mr. Perkins

---

[1] Because Mr. Perkins has not responded to the summary judgment motion, the court accepts the Grievance Specialist's attestations and the contents of Mr. Perkins' grievance records as undisputed. *See* Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion").

3

also submitted six relevant grievances which the Grievance Specialist rejected for various reasons, including because he complained of multiple issues, did not properly fill out the grievance form, and raised matters inappropriate to the grievance process by requesting a bed transfer. ECF 43-1 at 7-8; ECF 43-6 at 3, 7, 9, 11, 13, 15. The Offender Grievance Process provides that an inmate may revise and resubmit a rejected grievance within five business days to correct the issues noted on the returned grievance form, but Mr. Perkins never corrected and resubmitted any of his rejected grievances. ECF 43-1 at 8; ECF 43-2 at 10.

Here, the defendants have met their burden to show Mr. Perkins didn't exhaust his available administrative remedies before filing this lawsuit, as they provide undisputed evidence Mr. Perkins never fully exhausted any relevant grievance. Specifically, it's undisputed that Mr. Perkins (1) submitted three relevant grievances which were denied on the merits, but did not appeal the denial of these grievances; and (2) submitted five relevant grievances that were rejected, and did not correct and resubmit any of these grievances. Mr. Perkins doesn't argue or provide any evidence his grievances were improperly rejected or his administrative remedies were in any way unavailable. Therefore, because the undisputed facts show Mr. Perkins had available administrative remedies he didn't exhaust before filing this lawsuit, summary judgment is warranted in favor of the defendants.

For these reasons, the court:

(1) GRANTS the defendants' motion for summary judgment (ECF 41); and

(2) DIRECTS the clerk to enter judgment in favor of the defendants and against Lance Perkins and to close this case.

SO ORDERED.

December 19, 2024                           *s/ Damon R. Leichty*
                                            Judge, United States District Court